UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. STREETY,

        Petitioner,

v.                                      CASE NO. 07-14504
                                      HONORABLE BERNARD A. FRIEDMAN

JAN E. TROMBLEY,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(B)(3)(A)

### I. Introduction

Petitioner David L. Streety has filed a *pro se* Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for two counts of second-degree murder. Petitioner is serving a sentence of forty to eighty years in prison for the crime. The Michigan Court of Appeals affirmed his conviction, and the Michigan Supreme Court denied leave to appeal on November 30, 1999.

Petitioner filed a habeas corpus petition in this District on June 28, 2000. United States Magistrate Judge Wallace Capel reviewed Petitioner's claims and recommended that the habeas petition be denied. United States District Judge George Caram Steeh accepted Magistrate Judge Capel's Report and Recommendation and dismissed the habeas petition. *See Streety v. Curtis*, No. 00-72938 (E.D. Mich. Oct. 31, 2001). The United States Court of Appeals for the Sixth Circuit declined to grant a certificate of appealability. *See Streety v. Curtis*, No. 01-2593 (6th Cir. Apr. 30, 2002).

In 2004, Petitioner returned to state court and filed a motion for relief from judgment. The trial court denied his motion, but granted Petitioner's request for release and testing of biological material. The State's appellate courts denied leave to appeal for failure to establish entitlement to relief.

Petitioner filed the pending habeas corpus petition on October 23, 2007. He alleges that his trial and appellate attorneys were ineffective and that he is entitled to a new trial on the basis of newly discovered evidence. He also appears to allege that he was unable to raise these claims in his prior habeas petition because he had not exhausted state remedies for the claims at the time.

## II. Discussion

A person seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

---

[1] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

2

Petitioner has not demonstrated that he received permission from the Court of Appeals to file another habeas corpus petition challenging the same convictions. His failure to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b) deprives this Court of jurisdiction to hear his claims. *Burton v. Stewart*, __ U.S. __, __, 127 S. Ct. 793, 794 (2007) (*per curiam* opinion). Accordingly, the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

           ___s/Bernard A. Friedman_____
           BERNARD A. FRIEDMAN
           CHIEF UNITED STATES DISTRICT JUDGE

Dated: October 31, 2007

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman